# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES, et al.,<br><br>Defendants. | Case No. 5:16-cv-06591-EJD<br><br>**ORDER DENYING MOTION FOR RECUSAL; GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 29, 71 |

## I. INTRODUCTION

Pending before the Court are two separate motions. First, Plaintiff Dr. Lakshmi Arunachalam ("Plaintiff") seeks recusal of the undersigned judge. Although the basis for Plaintiff's motion is not entirely clear, it appears to be rulings by the undersigned that Plaintiff perceives as unfavorable. The motion is denied. Judicial rulings are not a proper ground for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Second, Defendants United States of America, United States District Court for the District of Delaware, United States Court of Appeals for the Federal Circuit, United States Patent and Trademark Office, Patent Trial and Appeals Board ("PTAB"), and United States District Court for the Northern District of California (collectively "Defendants") move to dismiss the complaint. For the reasons set forth below, Defendants' motion to dismiss is granted with leave to amend.

## II. BACKGROUND

Plaintiff's 230-page complaint is captioned "Independent Action Under FRCP R60(b)(6),

**CASE NO.:** 5:16-CV-06591-EJD
**ORDER DENYING MOTION FOR RECUSAL; GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

1

60(d) For Fraud Upon the Court, Where Compelling Circumstances Exist." Plaintiff alleges that she is the inventor of eleven patents relating to real-time Web transactions from Web applications; that she founded a company called Pi-Net; and that she lost her business due to Defendants' alleged misconduct. Plaintiff alleges that Defendants made certain judicial rulings against her interests at a time when she suffered from medical distress and was deprived of her constitutional right to be heard. She also alleges that Defendants failed to apply the correct legal standards regarding patent validity; failed to disqualify a judge for judicial bias and conflicts of interest; and failed to allow her to substitute in as Plaintiff in a case pending in Delaware. Plaintiff's complaint also includes allegations of malfeasance by John Podesta, Hillary Clinton, Barack Obama, and the Clinton Foundation. Plaintiff's complaint also refers to discrimination, elder abuse, retaliation, cruel and unusual punishment, RICO claims, obstruction of justice, treason, civil rights violations, intentional infliction of emotional distress, and many other issues.

The alleged violation of Rule 60, Fed.R.Civ.P., is predicated on the following:

> Defendants committed fraud upon the court, where a unique combination of compelling circumstances exists and have existed and become a pattern, which has caused financial and medical injury to Plaintiff of the order of magnitude of trillions of dollars. This has been the biggest heist of the century, the theft of Plaintiff's patented Web applications displayed on a Web browser, such as Web banking, social networking and other Web applications in horizontal and vertical markets.

Complaint, p. 190. In the prayer for relief, Plaintiff asks this Court to void the judgments issued in other cases in the Northern District of California, the District Court for the District of Delaware, the United States Court of Appeals for the Federal Circuit, and the Patent Trial and Appeals Board. In short, Plaintiff "seeks help from this court in any manner that reasonably aids the administration of justice." Complaint, p. 191. Although the prayer for relief does not specify all of the cases in which Plaintiff believes orders or judgment should be voided, the cases discussed in the Complaint include, but are not limited to, District of Delaware cases 1:12-cv-282-SLR/RGA and 1:14-cv-490-RGA, Northern District of California cases 3:15-cv-00023-EDL, and Federal

**CASE NO.: 5:16-CV-06591-EJD**
**ORDER DENYING MOTION FOR RECUSAL; GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

2

Circuit cases 14-1495, 15-1424, 15-1433, 15-1429, 15-1869 and 15-1831. Four of the 2015 Federal Circuit cases are appeals of Patent Trial and Appeal Board decisions.

### III. STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Pro se pleadings must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). The Court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974). The Court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." Id. A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

### IV. DISCUSSION

As an initial matter, Plaintiff's complaint fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure. Instead, the 230-page complaint contains legal terminology without setting forth facts to establish the basis for relief. On this basis alone, Plaintiff's complaint is defective.

Plaintiff's complaint is also subject to dismissal because Rule 60 does not authorize the relief Plaintiff seeks. Rule 60(b)(6), Fed.R.Civ.P., permits a court to set aside a judgment for "any other reason that justifies relief." "[T]he Rule is used sparingly as an equitable remedy to prevent

**CASE NO.: 5:16-CV-06591-EJD**
**ORDER DENYING MOTION FOR RECUSAL; GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

3

manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Latshaw v. Trainer Wortham Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting U.S. v. Washington, 394 F.3d 1152, 1157 (9th Cir 2005), in turn quoting U.S. v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).

Rule 60(d)(1), Fed.R.Civ.P., authorizes "an independent action to relieve a party from a judgment, order, or proceeding." Rule 60(d)(3) authorizes a court to "set aside a judgment for fraud upon the court." Independent actions under Rule 60(d), however, are "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of *res judicata*." Palmer v. Stephens, 2016 WL 347302 (D. Hawai'i 2016), quoting U.S. v. Beggerly, 524 U.S. 38 (1998). For a judgment to be set aside under Rule 60(d)(3), the moving party must show clear and convincing evidence establishing fraud. UBS Financial Services, Inc., 2014 WL 939290 (N.D. Cal. 2014).

Plaintiff has not demonstrated that extraordinary circumstances exist in this case. Rather, the dockets of Plaintiff's previous cases indicate that Plaintiff has availed herself of multiple opportunities to challenge orders and judgments she believes are erroneous. See generally Cormier Decl. and Request for Judicial Notice and Exhibits. A party cannot use a Rule 60 independent action "as a vehicle for relitigation of issues." Brown v. S.E.C., 644 Fed.Appx. 957, 959 (11th Cir. 2016), quoting Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985). As for Plaintiff's allegations of fraud upon the court, Plaintiff has not alleged sufficient facts to show who committed the fraud, what the fraud was, when the fraud occurred, or where and how the fraud took place.

Moreover, Plaintiff's lawsuit is barred by the doctrine of judicial immunity. See Jones v. U.S. Supreme Court, 2010 WL 2975790 (N.D. Cal. 2010) (judicial immunity bars claims that are based upon allegations concerning judicial officer's decision-making while presiding over cases and acts performed in judicial capacity). Judicial immunity applies even where "the action [the

**CASE NO.: 5:16-CV-06591-EJD**
**ORDER DENYING MOTION FOR RECUSAL; GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

4

judge] took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987), quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Application of judicial immunity, however, does not leave plaintiffs who believe they received an unfavorable, unconstitutional decision without a remedy: "[s]hould a federal judge or other federal official performing a judicial or quasi-judicial act violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures of taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs." Mullis at 1394.

In addition, this Court lacks jurisdiction over Plaintiff's challenges to the PTAB decisions. Title 35 U.S.C. §§319 and 329 set forth the proper procedures for appealing a PTAB decision. Although not entirely clear, Plaintiff seems to be arguing that after she obtained her patents from the Patent and Trademark Office in 1995, any further review or limitation of her patents is unconstitutional. Plaintiff repeatedly invokes "patent prosecution history estoppel," suggesting this doctrine prevents further review of her patents. Patent prosecution history estoppel, however, does not bar judicial review of patents. Rather, patent prosecution history estoppel "requires that the claims of a patent be interpreted in light of the proceedings in the PTO during the application process." Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd., 535 U.S. 722, 733 (2002). Moreover, recent authority confirms that judicial review of patents is constitutional. See MCM Portfolio LLC v. Hewlett-Packard Co., 812 F.3d 1284 (Fed. Cir. 2015) (*inter partes* review does not violate Article III or the Seventh Amendment of the United States Constitution).

//
///
//
//

**CASE NO.: 5:16-CV-06591-EJD**
**ORDER DENYING MOTION FOR RECUSAL; GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

5

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion for recusal is DENIED, and Defendants' motion to dismiss is GRANTED with leave to amend. Plaintiff may file and serve an amended complaint that complies with Rule 8, Fed.R.Civ.P., no later than September 30, 2017.

**IT IS SO ORDERED.**

Dated: August 30, 2017

EDWARD J. DAVILA
United States District Judge

**CASE NO.: 5:16-CV-06591-EJD**
**ORDER DENYING MOTION FOR RECUSAL; GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

6