United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES, et al.,<br><br>Defendants. | Case No. 5:16-cv-06591-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 96 |

## I. INTRODUCTION

Plaintiff Dr. Lakshmi Arunachalam ("Plaintiff") moves for leave to file an amended complaint naming DOES 1-6 and adding new claims. The motion is scheduled for hearing on February 8, 2018. Defendants United States of America, United States District Court for the District of Delaware, United States Court of Appeals for the Federal Circuit, United States Patent and Trademark Office, Patent Trial and Appeals Board ("PTAB"), and United States District Court for the Northern District of California (collectively "Defendants") oppose the motion and request that the case be dismissed without leave to amend. The motion is fully briefed. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Plaintiff's motion is denied.

## II. BACKGROUND

Plaintiff's 230-page original complaint is captioned "Independent Action Under FRCP R60(b)(6), 60(d) For Fraud Upon the Court, Where Compelling Circumstances Exist." Plaintiff

United States District Court
Northern District of California

alleged that she is the inventor of eleven patents relating to real-time Web transactions from Web applications; that she founded a company called Pi-Net; and that she lost her business due to Defendants' alleged misconduct. Plaintiff alleged that Defendants made certain judicial rulings against her interests at a time when she suffered from medical distress and was deprived of her constitutional right to be heard. She also alleged that Defendants failed to apply the correct legal standards regarding patent validity; failed to disqualify a judge for judicial bias and conflicts of interest; and failed to allow her to substitute in as Plaintiff in a case pending in Delaware. Plaintiff's original complaint also included allegations of malfeasance by John Podesta, Hillary Clinton, Barack Obama, and the Clinton Foundation. Plaintiff's complaint also referred to discrimination, elder abuse, retaliation, cruel and unusual punishment, RICO claims, obstruction of justice, treason, civil rights violations, intentional infliction of emotional distress, and many other issues. In the prayer for relief, Plaintiff asked the Court to void the judgments issued in other cases in the Northern District of California, the District Court for the District of Delaware, the United States Court of Appeals for the Federal Circuit, and the Patent Trial and Appeals Board ("PTAB"). The cases discussed in the original complaint included, but were not limited to, District of Delaware cases 1:12-cv-282-SLR/RGA and 1:14-cv-490-RGA, Northern District of California cases 3:15-cv-00023-EDL, and Federal Circuit cases 14-1495, 15-1424, 15-1433, 15-1429, 15-1869 and 15-1831. Four of the 2015 Federal Circuit cases are appeals of Patent Trial and Appeal Board decisions.

On August 30, 2017, the Court dismissed the original complaint because it did not set forth a short and plain statement of the claims, nor set forth a basis for relief under Rule 60, Fed.R.Civ.P. The Court also held that the doctrine of judicial immunity applied. The Court granted Plaintiff leave to file an amended complaint. Dkt. No. 72.

In September of 2017, Plaintiff filed a 290-page First Amended Complaint. After reviewing the entirety of the First Amended Complaint, the Court issued an Order Striking Plaintiff's Pleading because the First Amended Complaint (1) purported to add new parties and

**CASE NO.: 5:16-CV-06591-EJD**
**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

2

new claims without leave of the Court, (2) failed to comply with Rule 8, Fed.R.Civ.P., and (3) alleged conduct and claims protected by judicial immunity and over which the Court lacked jurisdiction.

Plaintiff now seeks leave to add new parties and new claims. The new defendants that Plaintiff seeks to add in this action are judges, including the undersigned judge[1], and an Assistant U.S. Attorney. In the first cause of action, Plaintiff alleges that she entered into a contract with the USPTO, and that the USPTO/PTAB breached the contract by failing to uphold patent prosecution history estoppel, by conducting re-examinations of Plaintiff's patents, and by failing to abide by the Supreme Court's decision in Fletcher v. Peck, 10 U.S. 87 (1810). In the second cause of action, Plaintiff alleges, among other things, that the USPTO fraudulently induced her to give her invention to the USPTO in return for patent protection, and that the USPTO concealed that it would "illegally and unconstitutionally re-examine" her patents. Dkt. 96-1, p. 204. In the third cause of action, Plaintiff alleges that Defendants interfered with Plaintiff's contract with the USPTO. Plaintiff also asserts claims for intentional infliction of emotional distress; "negligence/professional misconduct"; "breach of contract, breach of public trust"; treason; conspiracy; deprivation of civil rights; and "Violations of the Constitution and Oaths of Office and Breach of Public Trust." Plaintiff also seeks relief pursuant to Rule 60, Fed.R.Civ.P. In the prayer for relief, Plaintiff requests that the Court void all of Defendants' Orders against Plaintiff and award $250 billion in damages per Defendant.

### III. STANDARDS

Leave to amend under Rule 15 is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990). Leave need not be granted, however, where

---

[1] "A judge is not disqualified by a litigant's suit or threatened suit against him." U.S. v. Studley, 783 F.2d 934 (9th Cir. 1986); see also U.S. v. Sutcliffe, 505 F.3d 944 (9th Cir. 2007) (citing Studley).

**CASE NO.: 5:16-CV-06591-EJD**
**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

3

the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).

## IV. DISCUSSION

Plaintiff's proposed amended complaint does not cure any of the defects noted in the Court's August 30, 2017 Order Denying Motion for Recusal; Granting Defendants' Motion to Dismiss With Leave to Amend. As a preliminary matter, the proposed amended complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure. Instead, Plaintiff's proposed amended complaint is a 240-page document (plus attachments) filled with legal terms and case citations that is needlessly long, highly repetitious, and confusing. Failure to comply with Rule 8 alone warrants dismissal. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

The proposed amended complaint is also defective to the extent Plaintiff, once again, seeks relief pursuant to Rule 60, Fed.R.Civ.P. In the prayer for relief Plaintiff requests that the Court void all of Defendants' Orders against Plaintiff. A party cannot use a Rule 60 independent action "as a vehicle for relitigation of issues." Brown v. S.E.C., 644 Fed.Appx. 957, 959 (11th Cir. 2016) (quoting Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985)).

Plaintiff's lawsuit is also barred by the doctrine of judicial immunity. See Jones v. U.S. Supreme Court, No. 10-2750 SI, 2010 WL 2975790 (N.D. Cal. 2010) (judicial immunity bars claims that are based upon allegations concerning judicial officer's decision-making while presiding over cases and acts performed in judicial capacity). Judicial immunity applies even where "the action [the judge] took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Here, there has been no showing that the judicial officer defendants acted in the clear absence of all jurisdiction.

The proposed amended complaint is also barred by the doctrine of sovereign immunity. See Balser v. Dep't of Justice, 327 F.3d 903, 907 (9th Cir. 2003). The United States is immune from suit unless it has waived its immunity. Id. "In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." Id. There has been no showing in this case that the United States has waived sovereign immunity.

In addition, this Court lacks jurisdiction over Plaintiff's challenges to the PTAB decisions. Title 35 U.S.C. §§319 and 329 set forth the proper procedures for appealing a PTAB decision.

Finally, the U.S. Attorney named in the proposed amended complaint is entitled to absolute immunity because the U.S. Attorney's actions were taken in her official capacity in connection with providing a defense in the judicial proceedings. Fry v. Melarango, 939 F.2d 832, 836 (9th Cir. 1991).

## V.  CONCLUSION

Plaintiff's motion for leave to file her proposed amended complaint (Dkt. No. 96-1) is DENIED. Plaintiff may file and serve an amended complaint that complies with Rule 8, Fed.R.Civ.P., and does not include new claims and parties, no later than February 12, 2018. Failure to file and serve an amended complaint in accordance with this order will result in dismissal of the action with prejudice pursuant to Rules 8 and 41(b), Fed.R.Civ.P.

**IT IS SO ORDERED.**

Dated: January 23, 2018

EDWARD J. DAVILA
United States District Judge

**CASE NO.:** 5:16-CV-06591-EJD
**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**